UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY GREINER,

    Plaintiff,                                          Case No. 12-15483
                                                      Honorable Denise Page Hood

v.

SPIWIN & COMPANY, INC.,

    Defendant.
_____/

**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT**
**and**
**SETTING FINAL PRETRIAL CONFERENCE AND TRIAL DATES**

**I.    BACKGROUND**

Plaintiff Mary Greiner filed the instant suit against Defendant Spiwin & Company, Inc. on December 14, 2012 alleging violations of: the Fair Debt Collection Practices Act (Count I); the Michigan Occupational Code (Count II); and, Violation of the Michigan Collection Practices Act (Count III).

On November 21, 2012, Plaintiff was told by Gibralter Veterinary Hospital that she had a past due account balance which was sent to Defendant for collection. Plaintiff informed Defendant that the debt was discharged in bankruptcy. Defendant had reported the debt to Trans Union, LLC on March 2, 2011 as a debt included in

a chapter 7 bankruptcy and that the account was closed on August 31, 2011.

This matter is now before the Court on the parties' cross-motions for summary judgment. Responses and replies have been filed and a hearing held on the matter.

## II. ANALYSIS

### A. Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

B.  **Fair Debt Collections Practices Act, 15 U.S.C. § 1692e**

Plaintiff argues that the uncontested evidence shows that Defendant's efforts to collect the debt from Plaintiff were in violation of 15 U.S.C. § 1692e(2)(A). Defendant responds that it did not falsely represent the legal status of the debt and that it denies having "communicated" with Plaintiff on November 21, 2011.

15 U.S.C. § 1692e(2)(A) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \* \* \*
>
> (2) The false representation of –
>
>> (A) the character, amount, or legal status of any debt; ...

3

15 U.S.C. § 1692e(2)(A).

Plaintiff's debt was discharged on January 10, 2012. (P's Motion, Ex. C) Plaintiff called a representative from Defendant on November 12, 2012 where she told the representative that the debt was discharged on January 10, 2012. Defendant told Plaintiff that it had the debt for collection since May 2011. (P's Motion, Ex. F) Even after Defendant was notified by Plaintiff that the debt was discharged, Defendant continued to seek to collect on the debt, demanding proof that the debt was discharged. (P's Motion, Ex. F) Defendant responds that the November 12, 2012 telephone call by Plaintiff to Defendant did not constitute a "communication" under the Act. Defendant claims that Plaintiff's deposition testimony was that she merely asked about the debt:

> Q. Okay. Tell me what the conversation – tell me what you remember about the conversation you had.
>
> A. I asked if I was showing a debt there. She told me yes. And I told her that I filed bankruptcy, and that should have been cleared. And she said she doesn't have any proof of that. That was the extent of it.

(D's Motion, Ex. 2, P's Dep. at 15) Defendant argues that the conversation, initiated by Plaintiff, was a ministerial account inquiry.

"For a communication to be in a connection with the collection fo a debt and, therefore, actionable under § 1692e, the animating purpose of the communication

4

must be to induce payment by the debtor." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). In this case, Plaintiff submitted an affidavit after her deposition was taken to support her claim. Plaintiff asserts that during her conversation with Defendant's representative on November 20, 2012, I was asked "how I planned to take care of the debt." (P's Motion, Ex. F, P's Aff., ¶ 2) Plaintiff then told Defendant the debt was discharged in bankruptcy. Defendant then told Plaintiff that "they needed proof of my bankruptcy." (P's Motion, Ex. F, P's Aff., ¶ 4) A party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement by later filing an affidavit. *White v. Baptist Memorial Health Care Corp.,* 699 F.3d 869, 877 (6th Cir. 2012).

In this case, Plaintiff's deposition testimony did not indicate that the representative told Plaintiff she had to submit proof of the bankruptcy discharge. It was Plaintiff who called Defendant to inquire about the debt. Plaintiff's affidavit does not necessarily contradict her previous deposition testimony, but asserts that Defendant required proof of the bankruptcy discharge. There remains a genuine issue of material fact as to whether Defendant violated section 1692g.

### C. Fair Debt Collections Practices Act, 15 U.S.C. § 1692g

Plaintiff claims she is entitled to summary judgment under 16 U.S.C. § 1692g

because Defendant failed to send the required notice of the debt to Plaintiff on May 13, 2011. Plaintiff claims Defendant failed to produce a copy of the notice sent to Plaintiff, but only submitted examples of letters sent. Defendant responds that the record shows that it sent Plaintiff an initial written notice as to the debt.

15 U.S.C. § 1692g provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall ... send the consumer a written notice containing ... the amount of debt, etc.

15 U.S.C. § 1692g(a).

Although Defendant has not submitted the actual notice to Plaintiff, its collection notes indicate a notice was sent to Plaintiff on May 13, 2011. Plaintiff offers her belief that she did not receive the notice. Based on the evidence submitted by the parties, there remains a genuine issue of material fact as to whether the notice was sent, because Defendant failed to produce a copy of the actual notice sent to Plaintiff. It is for the jury to determine whether Defendant sent such a notice.

### III.  CONCLUSION/RECOMMENDATION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment **(Doc. No. 12)** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **(Doc. No. 15)** is DENIED.

IT IS FURTHER ORDERED that the following dates govern this matter:

The Proposed Joint Final Pretrial Order must be submitted by **September 15, 2014.** E.D. Mich. LR 16.2 governs JFPTOs.

The Final Pretrial Conference is set for Monday, **September 22, 2014, 2:30 p.m.**

**The Trial is set for Tuesday, October 7, 2014, 9:00 a.m.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 6, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 6, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager